UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DFINITY FOUNDATION,

                                Plaintiff,

                -against-                                                22-cv-5418 (LAK)

THE NEW YORK TIMES COMPANY, et al.,

                                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  8/9/2022

### MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This is a defamation case against *The New York Times*, two of its reporters, and others.  The plaintiff, allegedly a Swiss foundation, moves to recuse the undersigned on the ground that his spouse, whom he married in 2004, was a reporter for the *The New York Times* from 1969 to 1979 and in-house media counsel to the prominent publisher, Random House, "through the year 2000."[1]  It contends that recusal is warranted under 28 U.S.C. § 455(a) because the "impartiality [of the undersigned] might reasonably be questioned" on that basis.[2]

        As the Second Circuit repeatedly has made clear, recusal under Section 455(a),

---

[1]    Dkt. 19, at 2.

    The plaintiff omits the fact that she was an Assistant United States Attorney in this district from 1979 until 1983.

[2]    While plaintiff has not mentioned the fact, though it long has been a matter of public record, the Court notes also that his spouse receives pension payments from the Newspaper Guild NY - NY Times pension plan and a pension plan for the benefit of retirees of Random House, Inc.

insofar as relevant here, is required only where "a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned."[3]  It has made clear also, moreover, that "to say that § 455(a) requires concern for appearances is not to say that it requires concern for mirages."[4]  As Judge Mukasey wrote in the case quoted by the Second Circuit (and in the preceding sentence):

> "Section 455(a) was not meant to require disqualification every time one party can make some argument, no matter how unreasonable, that the appearance of prejudice would result. Indeed, a judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequence of his expected adverse decision . . . .  Nothing in [§ 455(a)] should be read to warrant the transformation of a litigant's fear that a judge may decide a question against him into a 'reasonable fear' that the judge will not be impartial."[5]

In my view, a reasonable person could not reasonably question the Court's impartiality on the basis that my spouse worked for *The New York Times* over 43 years ago and for Random House over 20 years ago – in each case years before our marriage.  That view is unchanged by the fact that my spouse receives benefits from pension plans on account of her employment by

---

[3]

*United States v. Wedd,* 993 F.3d 104, 114 (2d Cir. 2021) (quoting *United States v. Thompson,* 76 F.3d 442, 451 (2d Cir. 1996) (internal quotation marks and alteration omitted)).

[4]

*Wedd,* 993 F.3d at 114 (quoting *United States v. El-Gabrowny*, 844 F. Supp. 955, 961 (S.D.N.Y. 1994) (Mukasey, J.) ( internal quotation marks omitted)).

[5]

*El-Gabrowny,* 844 F. Supp. at 962 (internal quotation marks and citations omitted) (alteration in original).

3

those two entities.  Indeed, the fact that she long has been retired makes the plaintiff's contention even more unreasonable.

Accordingly, the motion to recuse the undersigned (Dkt. 18) is denied.

SO ORDERED.

Dated:      August 9, 2022

/s/ Lewis A. Kaplan (mab)
_____
Lewis A. Kaplan
United States District Judge