

**MEMO ENDORSED**

8383 Wilshire Boulevard, Suite 526
Beverly Hills, CA 90211 • (424) 203-1600

100 Park Avenue, 16th Floor
New York, NY 10017 • (212) 799-1400

www.HarderLLP.com

March 6, 2023

VIA ECF
The Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3-7-2023
```

  Re: **Dfinity Foundation v. The New York Times Co. et al., No. 1:22-cv-05418 (S.D.N.Y.)**

Dear Judge Kaplan:

  We represent Plaintiff Dfinity Foundation in the above-captioned action and respectfully request leave to file a supplemental opposition to the defendants' pending motions to dismiss pursuant to L.R. 7.1(d), Your Honor's Individual Practices, p.1, and ECF Rules and Instructions § 13.1. Dfinity's proposed supplemental opposition is attached hereto as **Ex. A**. Good cause exists to grant this request because new evidence has come to light after the close of briefing, in the form of public, recorded statements by defendant Miguel Morel (founder and CEO of defendant Arkham Intelligence, Inc.), demonstrating the falsity of several representations in all of the defendants' motions to dismiss and reply briefs. The evidence is attached as **Ex. B** and summarized both below and in the proposed supplemental opposition. The Court should consider this evidence pursuant to its inherent authority to prevent abuse of the judicial process and to ensure that misrepresentations do not influence the Court's impending rulings on the defendants' motions to dismiss.[1]

  On February 24, 2023, Mr. Morel appeared on a live, recorded broadcast on Twitter during which he admitted that Arkham intentionally failed to disclose the cryptocurrency wallet addresses (similar to bank accounts for cryptocurrency) and related transaction data central to the defamatory allegations in the Report. Ex. B at 3:16-4:13, 8:19-23, 12:24-13:13, 19:2-5. He further stated that he is not even sure if Arkham still possesses the omitted data. *Id.* at 3:16-4:13, 4:20-5:16. These admissions are striking and significant because *all* of the defendants falsely represented to this Court that the Report, and by extension the *New York Times* Article, are based on fully and publicly disclosed facts. The defendants relied on this premise, which Mr. Morel has now publicly admitted is false, to argue that the Report and Article cannot be defamatory as a matter of law because they constitute "non-actionable opinions." *See, e.g.*, Dkt. 52 at 9; Dkt. 55 at 18; Dkt. 86 at 8; Dkt. 87

---

[1] *See Jung v. Neschis*, No. 01-cv-6993, 2009 WL 762835, at *13 (S.D.N.Y. Mar. 23, 2009); *cf. CV Collection, LLC v. Weworewhat, LLC*, No. 20-cv-8623, 2021 WL 4942625, at *2 (S.D.N.Y. Oct. 22, 2021) (authorizing sur-reply in light of "new evidence").

Memorandum Endorsement       Dfinity Foundation v. New York Times Co., 22-cv-5418 (LAK)

The motion is denied.

There are five pending motions to dismiss:

- Separate motions, both pursuant to Rule 12(b)(6), by (a) The New York Times Co. defendants, (b) the Arkham defendants, and (c) Keegan McNamara, each to dismiss for failure to state a legally sufficient claim.

- Separate motions by Nick Longo and Jonah Bennet, pursuant to Rules 12(b)(2) and 12(b)(6), to dismiss for lack of personal jurisdiction or, alternatively, failure to state a legally sufficient claim.

The only matters that may be considered on a Rule 12(b)(6) motion ordinarily "are the pleadings themselves, documents attached to or integral to the complaint, and any other matters of which the Court can take judicial notice." *Surrey Propco LLC v. Denihan Ownership Co., LLC*, ___ F. Supp.3d ___, 2022 WL 2718205, at *1 n.2 (S.D.N.Y. July 13, 2002). If any other materials are submitted to and not excluded by the Court, the motion is converted into one for summary judgment. Fed. R. Civ. P. 12(d). As the supplemental memorandum plaintiff wishes to file rests on a purported transcript of an audio-recorded Twitter Spaces conversation, it is foreclosed from consideration absent conversion. Plaintiff's arguments to the contrary are unpersuasive.

The Court declines to permit conversion of the motions under Rule 12(b)(6). To the extent, if any, that any movant submitted anything other than the pleadings and other materials enumerated in the preceding paragraph, they are excluded from consideration on those motions. And while I recognize that the Rule 12(b)(2) motions are "speaking" motions, i.e., rest in part on matters outside the complaint, the proposed supplemental memorandum does not address those motions.

SO ORDERED.

Dated:       March 7, 2023

/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge